BRIDGES, APPELLANT, *v.* MCMACKIN, SUPT., APPELLEE.

[Cite as Bridges *v.* McMackin (1989), 44 Ohio St. 3d 135.]

(No. 88-2165—Submitted May 30, 1988—Decided July 26, 1989.)

*Larry E. Bridges, pro se.*

*Anthony J. Celebrezze, Jr.,* attorney general, and *Donald G. Keyser,* for appellee.

*Per Curiam.* Appellant argues that R.C. 2725.03 is an unconstitutional limitation of the original habeas corpus jurisdiction of the courts of appeals. See *State, ex rel. Pressley,* v. *Indus. Comm.* (1967), 11 Ohio St. 2d 141, 149, 40 O.O. 2d 141, 146, 228 N.E. 2d 631, 639-640. However, R.C. 2725.03 does not attempt to limit the habeas corpus jurisdiction of any court; it merely allocates it among the courts of appeals on a territorial basis. Section 3(B)(1)(c), Article IV, Ohio Constitution gives each court of appeals original jurisdiction in habeas corpus, but does not guarantee that such jurisdiction shall be statewide. We therefore find R.C. 2725.03 constitutional.

Appellant further argues that R.C.

2725.03 is inapplicable because the location of Marion Correctional Institution is not "fixed by statute." However, appellee directs our attention to R.C. 2967.01, which includes "the Marion correctional institution" in its definition of the term "[s]tate penal or reformatory institution." We hold this sufficient to fix the institution's location in Marion. Hence, R.C.

2725.03 was correctly applied by the court of appeals. The judgment of the court of appeals is therefore affirmed.

*Judgment affirmed.*

MOYER, C.J., SWEENEY, HOLMES, DOUGLAS, WRIGHT, H. BROWN and RESNICK, JJ., concur.