**The STATE ex rel. DIXON**

v.

**GOLD.**

[Cite as *State ex rel. Dixon v. Gold* (1991), 76 Ohio App.3d 518.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 62863.

Decided Dec. 11, 1991.

---

*Artis Dixon,* petitioner, *pro se.*

*Lee Fisher,* Attorney General, for respondent Donald Gold, Dayton Forensic Center.

---

MATIA, Presiding Judge.

Petitioner avers that he is restrained as an inmate at the Dayton Forensic Center by order of the Court of Common Pleas of Cuyahoga County. He was found not guilty by reason of insanity of attempted murder on July 27, 1981. Although R.C. 5122.15(H) requires a hearing as to the issue of an inmate's mental capacity within ninety days of the hearing finding the inmate mentally ill, petitioner did not receive a hearing until February 24, 1982.

Petitioner requests that he be discharged from his confinement.

R.C. 2725.03 provides:

"If a person restrained of his liberty is an inmate of a state benevolent or penal institution, the location of which is fixed by statute, and at the time is in the custody of the officers of such institution, no court or judge other than the court or judges of the county in which such institution is located has jurisdiction to issue or determine a writ of habeas corpus for his production or discharge. Such writ issued by a court or judge of another county to an officer or person in charge at such state institution to compel the production or discharge of an inmate thereof is void."

With regard to persons incarcerated in penal institutions located outside Cuyahoga County, this court has repeatedly determined that it lacks jurisdiction to hear actions in habeas corpus. See, *e.g., Myers v. Warden, Hocking Corr. Facility* (Aug. 27, 1991), Cuyahoga App. No. 62254, unreported. The language of R.C. 2725.03 requires the same result with regard to persons restrained in state benevolent institutions.

Accordingly, the petition is dismissed *sua sponte.* Petitioner to pay costs.

*Writ dismissed.*

NAHRA and BLACKMON, JJ., concur.