On February 12, 1999, the relator, Calvin Drake, commenced this mandamus action against the respondents, Gerald Fuerst, the Clerk of Courts, Carmen Marino, the then acting Cuyahoga County Prosecutor, and Sheriff Gerald McFaul, to compel them to accept criminal complaints against Judge Kathleen Sutula, Assistant Prosecutor Richard Bell and various police officers, to arrest and to prosecute them for various crimes, including interference with civil rights, intimidation, falsification, forgery and false imprisonment. Mr. Drake maintains that these officials committed the crimes against him during their involvement in State of Ohiov. Calvin Drake, Cuyahoga County Common Pleas Court Case Nos. CR 355853 and 351072. Mr. Drake also applied for an alternative writ to "issue indictments, warrants take affidavits for indictments on the record."
On February 18, 1999, Mr. Drake filed an amended complaint and application for an alternative writ. He repeated his claim that the public officials involved in the underlying cases be arrested and prosecuted. He also added a "habeas corpus claim", that the prosecutor "write writ of habeas corpus, release Calvin Drake, with out (sic) delay." He repeated his assertions that his conviction was improper because the evidence did not support the charges against him, the police obtained evidence through an illegal search, the assistant prosecutor used perjured evidence, and the trial court judge made a false entry of guilt and tampered with the mail by ordering the clerk not to accept his filings.
On April 13, 1999, the respondents moved to dismiss or in the alternative for summary judgment. On April 19, 1999, Mr. Drake filed a brief in opposition. For the following reasons, this court grants the respondents' dispositive motion and denies the applications for a writ and an alternative writ.
In the underlying cases the Grand Jury indicted Mr. Drake in May and October of 1997, for theft, attempted theft, forgery, uttering, impersonating an officer, falsification and tampering with records. Although the record is far from clear, Mr. Drake was apparently trying to establish the Cleveland Juvenile Justice Delinquency Prevention Center; he indicates that this was a federally backed program to prevent juvenile delinquency. The charges against him apparently relate to his effort to set up this program. In late May, 1998, Mr. Drake's cases went to trial. However, on May 28, 1998, before a verdict was reached, he pleaded guilty to six counts of theft and one count of forgery. He tried to appeal various rulings in the underlying cases. However, he was not successful in prosecuting the appeals because either he filed before there was a final, appealable order or he filed too late and this court declined to grant a delayed appeal.
The claim for habeas corpus is fatally defective. Mr. Drake does not name the person by whom he is confined as required by R.C. 2725.04(B); rather he names as respondents the people whom he hopes will set him free. Nor does he attach a copy of the commitment or cause of detention as required by R.C. 2725.04(D). These defects alone justify dismissal of the claim. Brown v.Rogers(1995), 72 Ohio St.3d 339, 650 N.E.2d 422; Bloss v. Rogers
(1992), 65 Ohio St.3d 145, 602 N.E.2d 602; State ex rel. OscarBarker v. Judge William Coyne(Aug. 20. 1998), Cuyahoga App. No. 74880, unreported. In his filings he states that he is in the Marion Correctional Institute. This court has repeatedly held that it lacks jurisdiction to hear habeas corpus claims of persons incarcerated in penal institutions outside Cuyahoga County. R.C. 2725.03; State ex rel. Dixon v. Gold(1991),76 Ohio App.3d 518, 602 N.E.2d 408;State ex rel. Vereen v. Ohio(1989), 57 Ohio St.3d 54,560 N.E.2d 703; and Barker. Moreover, habeas corpus will not lie when the petitioner has or had adequate remedies. at law. Padavick v. Cleveland Heights(1973), 34 Ohio St.2d 15,295 N.E.2d 193 and Thomas v. Huffman(1998), 84 Ohio St.3d 266,703 N.E.2d 315. Mr. Drake has or had adequate remedies through appeal or a postconviction petition.
Mr. Drake's mandamus claim to compel the prosecution of various public officials is also ill founded. The requisites for mandamus are well established: (1) the relator must have a clear legal right to the requested relief, (2) the respondent must have a clear legal duty to perform the requested relief and (3) there must be no adequate remedy at law. State ex rel. Ney v. Niehaus
(1987), 33 Ohio St.3d 118, 515 N.E.2d 914. Moreover, mandamus is an extraordinary remedy which is to be exercised with caution and only when the right is clear. It should not issue in doubtful cases. State ex rel. Taylor v. Glasser(1977), 50 Ohio St.2d 165,364 N.E.2d 1; State ex rel. Shafer v. Ohio Turnpike Commission
(1953), 159 Ohio St. 581, 113 N.E.2d 14; State ex rel. Connole v.Cleveland Board of Education(1993), 87 Ohio App.3d 43,621 N.E.2d 850; and State ex rel. Dayton-Oakwood Press v. Dissinger
(1940), 32 Ohio Law Abs. 308.
A prosecutor will not be compelled to prosecute a complaint except when the failure to prosecute constitutes an abuse of discretion. Thus, the decision to prosecute is discretionary and generally not subject to judicial review. State ex rel. Master v.City of Cleveland(1996), 75 Ohio St.3d 23, 661 N.E.2d 180 andState ex rel. Murr v. Meyer(1987), 34 Ohio St.3d 46,516 N.E.2d 234. In the present case Mr. Drake pleaded guilty to theft and forgery. Those convictions have not been overturned. The prosecutor does not abuse his discretion by failing to investigate and prosecute charges made by this convict in a case in which he pleaded guilty and the convictions remain in full force and effect. Alternatively, the court has reviewed Mr. Drake's many filings, the dockets in the underlying cases, his evidentiary submissions, and his multiple claims of misconduct by various public officials. The court very much doubts that there is an authentic charge which the respondents have a duty to pursue.
Accordingly, the respondents' dispositive motion is granted, and this court denies Mr. Drake's applications for an alternative writ and for writs of mandamus and habeas corpus. Costs assessed against the relator.
ANN DYKE, J,. CONCURS.
 ______________________________ JAMES M. PORTER, ADMINISTRATIVE JUDGE