DECISION
On April 24, 2002, Dean Gillespie filed a petition for habeas corpus in this court, the Tenth District Court of Appeals located in Franklin County, Ohio. Mr. Gillespie listed his address as the Scioto Juvenile Corrections Facility in Delaware County, Ohio, as a result of his earlier commitment to the Ohio Department of Youth Services. The action was filed in Franklin County because the director of the Ohio Department of Youth Services has his office in Franklin County, even though the unlawful detention alleged by Dean Gillespie was occurring in Delaware county.
The case was referred to a magistrate of this court for appropriate proceedings. The magistrate has issued a magistrate's decision which recommends that summary judgment be granted and the parties for habeas corpus be dismissed. (Attached as Exhibit A.)
Counsel for Mr. Gillespie has filed objections to the magistrate's decision. The case is now before the court for review.
R.C. 2725.03 requires that petitions for habeas corpus be filed in the county where an inmate is detained. R.C. 2725.03 has been found to be constitutional by the Supreme Court of Ohio in Bridges v. McMackin (1989), 44 Ohio St.3d 135. We are not in a position to overrule the Supreme Court of Ohio.
Other information in the file indicate that Dean Gillespie has been transferred to a facility in Cuyahoga County, Ohio. Whether this latter transfer has occurred or not, no information in the file indicates that Mr. Gillespie is being detained in Franklin County.
We overrule the objections to the magistrate's decision. We adopt the findings of fact and conclusions of law contained in the magistrate's decision and deny the request for a writ of habeas corpus.
Objections overruled; writ denied.
DESHLER and PETREE, JJ., concur.
 APPENDIX A IN HABEAS CORPUS ON MOTIONS FOR SUMMARY JUDGMENT
In this original action, petitioner, Dean Gillespie, requests a writ of habeas corpus ordering respondent Gino Natalucci-Persichetti, Director of the Ohio Department of Youth Services, to release him from confinement on grounds that respondent is unlawfully restraining petitioner of his liberty.
Findings of Fact:
1. On April 24, 2002, petitioner filed this original action for a writ of habeas corpus. According to the petition, petitioner is being unlawfully restrained of his liberty by respondent, the director of youth services.
2. Petitioner states that his date of birth is November 11, 1982, and that he is presently an adult.
3. According to the petition, on or about October 3, 2000, petitioner was adjudicated delinquent by the Franklin County Court of Common Pleas, Division of Domestic Relations, and Juvenile Branch ("juvenile court").
4. According to the petition, on March 21, 2002, petitioner was indicted by the Franklin County Court of Common Pleas Grand Jury on one count of receiving stolen property, a violation of R.C. 2913.51, and a felony of the fourth degree.
5. According to the petition, on March 22, 2002, the Department of Youth Services ("DYS"), through one of its parole officers, moved the juvenile court to exercise its continuing jurisdiction over petitioner regarding alleged violations of parole.
6. According to the petition, on March 22, 2002, the DYS parole officer issued a "hold order" to the Franklin County Correction Center II where petitioner was apparently being held on the felony indictment.
7. According to the petition, on March 25, 2002, petitioner posted bail in the common pleas court but he was not released from the Franklin County Correction Center II because of the DYS "hold order."
8. According to the petition, the DYS motion was heard by a juvenile court magistrate on April 3, 2002. According to the petition, at the hearing, petitioner's appointed counsel asked the juvenile court to relinquish jurisdiction over petitioner because R.C. 2151.23 and 2151.31
are allegedly unconstitutional under the United States and Ohio Constitutions.
9. The juvenile court magistrate issued a decision denying petitioner's request that the juvenile court relinquish its jurisdiction over petitioner and sustaining DYS's motion for the exercise of continuing jurisdiction. The juvenile court magistrate further ordered that petitioner be returned to DYS for institutionalization. On April 12, 2002, the juvenile court entered judgment adopting the magistrate's decision.
10. According to the petition, the juvenile court lacked jurisdiction to order petitioner institutionalized by DYS and, thus, petitioner is entitled by law to be released from his confinement.
11. On May 9, 2002, in this original action, the magistrate held a telephone conference with petitioner's counsel and the assistant attorney general representing the respondents in this action. Following the conference, the magistrate issued an order noting that R.C. 2725.03, which sets limits on the territorial jurisdiction of the court in a habeas corpus action, appears to be applicable here.
12. In the magistrate's order of May 9, 2002, it was noted that paragraph 9 of the petition alleges that "[p]etitioner was being held in Franklin County Correction Center II." However, in the caption of the petition, the petitioner's address is listed as:
c/o Scioto Juvenile Corrections Facility
5993 Home Rd.
Delaware, Ohio 43015
13. In the order of May 9, 2002, the magistrate invited respondents to file a Civ.R. 56 motion for summary judgment supported by one or more affidavits that address the territorial jurisdiction of this court.
14. On May 13, 2002, respondents filed a Civ.R. 56 motion for summary judgment supported by the affidavit of Larry Beard, Caseworker Supervisor, Department of Youth Services, Columbus region. The Beard affidavit avers:
 * * * On or about April 18, 2002, Dean A. Gillespie was detained by DYS at the Scioto Juvenile Correctional Facility, Delaware, Ohio. The Scioto Juvenile Correctional Facility, Delaware, Ohio, is the reception center for processing all males adjudicated delinquent and committed to DYS.
 * * * On or about April 23, 2002, Dean A. Gillespie was transferred to the Cuyahoga Hills Juvenile Correctional Facility, Cuyahoga, Ohio, where he currently resides pursuant to the March 22, 2001, and April 12, 2002, Orders of the Franklin County Common Pleas Court, Juvenile Division in Case No. 00JU-05-5401[.] * * *
15. On May 14, 2002, this magistrate issued notice to the parties that respondents' May 13, 2002 motion for summary judgment would be submitted to the magistrate on May 28, 2002.
16. On May 20, 2002, petitioner filed a memorandum contra to respondents' motion for summary judgment and a motion for summary judgment. Petitioner's motion for summary judgment was supported by an affidavit from petitioner's counsel in this action. The affidavit essentially attempts to present and authenticate a transcript of the April 3, 2002 hearing before the juvenile court magistrate, as well as those documents already attached as exhibits to the petition.
17. On May 21, 2002, the magistrate issued notice to the parties that petitioner's May 20, 2002 motion for summary judgment would be submitted to the magistrate on June 4, 2002.
18. On May 30, 2002, respondents filed a memorandum in opposition to the petitioner's motion for summary judgment.
19. The motions for summary judgment are now before the magistrate for his review and determination.
Conclusions of Law:
It is the magistrate's decision that this court grant respondents' motion for summary judgment on grounds that, under R.C. 2725.03, this court lacks territorial jurisdiction over the petitioner in this habeas corpus action. It is further the magistrate's decision that this court deny petitioner's motion for summary judgment.
R.C. 2725.03 states in its entirety:
 If a person restrained of his liberty is an inmate of a state benevolent or correctional institution, the location of which is fixed by statute and at the time is in the custody of the officers of the institution, no court or judge other than the courts or judges of the county in which the institution is located has jurisdiction to issue or determine a writ of habeas corpus for his production or discharge. Any writ issued by a court or judge of another county to an officer or person in charge at the state institution to compel the production or discharge of an inmate thereof is void.
In Bridges v. McMackin (1989), 44 Ohio St.3d 135, the court held that R.C. 2725.03 is constitutional. While Section 3(B)(1)(c) Article IV, Ohio Constitution gives each court of appeals original jurisdiction in habeas corpus, it does not guarantee that such jurisdiction shall be statewide. R.C. 2725.03 merely allocates habeas corpus jurisdiction among the courts of appeal on a territorial basis. Id. See, also, State ex rel. Dixon v. Gold (1991), 76 Ohio App.3d 518.
Summary judgment is appropriate when the movant demonstrates that: (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, said party being entitled to have the evidence construed most strongly in his favor. Turner v. Turner (1993), 67 Ohio St.3d 337, 339-340; Bostic v. Connor (1988), 37 Ohio St.3d 144, 146; Harless v. Willis Day Warehousing Co. (1978), 54 Ohio St.2d 64, 66. The moving party bears the burden of proving no genuine issue of material fact exists. Mitseff v. Wheeler (1988), 38 Ohio St.3d 112, 115.
As indicated by the Beard affidavit, on or about April 18, 2002 (six days prior to the filing of this action), petitioner was in the custody of DYS at the Scioto Juvenile Correctional Facility located at Delaware, Ohio. That facility is the DYS reception center for processing all males adjudicated delinquent and committed to DYS. This court can take notice that that facility is not within the territorial jurisdiction of this court of appeals.
As the Beard affidavit further indicates, on or about April 23, 2002 (the day prior to the filing of this action), petitioner was transferred to Cuyahoga Hills Juvenile Correctional Facility located in Cuyahoga County, Ohio, where petitioner currently resides pursuant to the order of the juvenile court. This court can take notice that that facility is not located within the territorial jurisdiction of this court of appeals.
It is undisputed here that the petitioner was not confined within this court's territorial jurisdiction on the date this original action was filed nor is he currently being confined within this court's territorial jurisdiction. Thus, there is no genuine issue as to where petitioner has been restrained of his liberty from the time this action was filed to the current date. Under such circumstances, R.C. 2925.03 requires this court to conclude that this court lacks territorial jurisdiction over this original action.
Accordingly, it is the magistrate's decision that this court grant respondents' motion for summary judgment on grounds that, under R.C.2725.03 this court lacks territorial jurisdiction over this original action. It is further the magistrate's decision that petitioner's motion for summary judgment is denied.