{¶ 1} Verdale L. Monroe filed this action in habeas corpus, seeking a writ to cause his release from custody in Ashtabula County.
 {¶ 2} In accord with Loc.R. 12(M), the case was referred to a magistrate to conduct appropriate proceedings.
 {¶ 3} The respondents filed a motion to dismiss the case because R.C. 2725.03 requires that actions in habeas corpus be filed in the county where an inmate or prisoner is confined. The magistrate agreed and issued a magistrate's decision which includes a recommendation that the case be dismissed. (Attached as Appendix A.)
 {¶ 4} Mr. Monroe has not filed objections to the magistrate's decision. The case is now before this court for review.
 {¶ 5} No error of law or fact is present on the face of the magistrate's decision. We therefore adopt the findings of fact and conclusions of law contained in the magistrate's decision and dismiss this action in habeas corpus.
Action dismissed.
BRYANT and PETREE, P.J.
 IN HABEAS CORPUS ON RESPONDENTS' MOTION TO DISMISS {¶ 6} In this original action, petitioner, Verdale L. Monroe, an inmate of the Lake Erie Correctional Institution located in Ashtabula County, Ohio, requests a writ of habeas corpus.
Findings of Fact:
 {¶ 7} 1. On November 22, 2002, petitioner, Verdale L. Monroe, an inmate of the Lake Erie Correctional Institution located in Ashtabula County, Ohio, filed this original action requesting a writ of habeas corpus. Petitioner has named Margarette T. Ghee, Chairperson of the Ohio Adult Parole Authority, and Reginald Wilkinson, Director of the Ohio Department of Rehabilitation and Correction, as respondents in this action.
 {¶ 8} 2. On December 18, 2002, respondents filed a motion to dismiss this action. Respondents contend that, pursuant to R.C. 2725.03, this court lacks jurisdiction to consider this habeas corpus action because petitioner is confined in Ashtabula County, Ohio.
 {¶ 9} 3. On January 6, 2003, petitioner filed his written response to the motion to dismiss. In his response, petitioner concedes that he is confined in Ashtabula County, Ohio, at the Lake Erie Correctional Institution.
Conclusions of Law:
 {¶ 10} It is the magistrate's decision that this court grant respondents' motion to dismiss on grounds that, under R.C. 2725.03, this court lacks territorial jurisdiction over the petitioner in this habeas corpus action.
 {¶ 11} R.C. 2725.03 states in its entirety:
 {¶ 12} "If a person restrained of his liberty is an inmate of a state benevolent or correctional institution, the location of which is fixed by statute and at the time is in the custody of the officers of the institution, no court or judge other than the courts or judges of the county in which the institution is located has jurisdiction to issue or determine a writ of habeas corpus for his production or discharge. Any writ issued by a court or judge of another county to an officer or person in charge at the state institution to compel the production or discharge of an inmate thereof is void."
 {¶ 13} In Bridges v. McMackin (1989), 44 Ohio St.3d 135, the court held that R.C. 2725.03 is constitutional. While Section 3(B)(1)(c) Article IV, Ohio Constitution gives each court of appeals original jurisdiction in habeas corpus, it does not guarantee that such jurisdiction shall be statewide. R.C. 2725.03 merely allocates habeas corpus jurisdiction among the courts of appeals on a territorial basis. Id. See, also, State ex rel. Dixon v. Gold (1991), 76 Ohio App.3d 518.
 {¶ 14} In order for a court to dismiss a complaint for failure to state a claim upon which relief can be granted, it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to recovery. O'Brien v. University Community Tenants Union (1975), 42 Ohio St.2d 242.
 {¶ 15} Because it is clear that this court lacks territorial jurisdiction in habeas corpus over petitioner who is confined in Ashtabula County, Ohio, this action must be dismissed.
 {¶ 16} Accordingly, it is the magistrate's decision that this court grant respondents' motion to dismiss this action.