DECISION
{¶ 1} Lisa C. Ritchey filed this case requesting a writ of habeas corpus to cause her to be released from the Crawford County Jail. The case was referred to a magistrate to conduct appropriate proceedings.
 {¶ 2} The Crawford County Sheriff filed a motion to dismiss. The magistrate issued a report that the motion be sustained because the courts in Franklin County lack jurisdiction to consider a habeas corpus action involving a person confined in another county. (Attached as Appendix A.) See R.C. 2725.03. *Page 2 
 {¶ 3} We adopt the magistrate's decision in its entirety and dismiss the case.
Case dismissed.
 BRYANT and BROWN, JJ., concur. *Page 3 
 APPENDIX A MAGISTRATE'S DECISION IN HABEAS CORPUS ON RESPONDENT'S MOTION TO DISMISS {¶ 4} In this original action, petitioner, Lisa C. Ritchey, who is confined at the Crawford County Jail, requests a writ of habeas corpus.
 {¶ 5} Findings of Fact:
 {¶ 6} 1. On December 26, 2006, petitioner filed this original action requesting a writ of habeas corpus. *Page 4 
 {¶ 7} 2. In her petition, petitioner states that she is seeking release from incarceration at the Crawford County Jail.
 {¶ 8} 3. On January 4, 2007, the Sheriff of Crawford County, Ohio, filed a motion to dismiss. In the memorandum in support of the motion, the sheriff states that the petitioner is confined at the Crawford County Jail on a failure to appear warrant issued by the Crawford County Municipal Court.
 {¶ 9} 4. On January 18, 2007, petitioner filed a memorandum contra to the motion to dismiss. On that same date, petitioner also filed a supplemental memorandum contra to the motion to dismiss.
 {¶ 10} 5. Also on January 18, 2007, petitioner filed a document captioned "Motion for Procedural Order [and] Request for Court Appointed Counsel." In the motion, petitioner requests that this court appoint counsel to represent her in this original action.
Conclusions of Law: {¶ 11} It is the magistrate's decision that this court grant respondent's motion to dismiss and that petitioner's motion for appointment of counsel be denied.
 {¶ 12} R.C. 2725.03 states:
 If a person restrained of his liberty is an inmate of a state benevolent or correctional institution, the location of which is fixed by statute and at the time is in the custody of the officers of the institution, no court or judge other than the courts or judges of the county in which the institution is located has jurisdiction to issue or determine a writ of habeas corpus for his production or discharge. Any writ issued by a court or judge of another county to an officer or person in charge at the state institution to compel the production or discharge of an inmate thereof is void. *Page 5 
 {¶ 13} It is clear from the petition that petitioner is restrained of her liberty at the Crawford County Jail. Because petitioner is not confined at an institution or location in Franklin County, Ohio, this court lacks jurisdiction over this habeas corpus action. Bridges v.McMackin (1989), 44 Ohio St.3d 135.
 {¶ 14} Accordingly, it is the magistrate's decision that this court grant respondent's motion to dismiss. It is also the magistrate's decision that this court deny petitioner's motion for appointment of counsel. *Page 1