JOURNAL ENTRY AND OPINION
{¶ 1} Petitioner, Louis R. DiPadova, is the defendant in Cleveland v.DiPadova, Cleveland Mun. Court Case No. 2007 CRB 040416, in which DiPadova was charged with menacing by stalking. Case No. 2007 CRB 040416 was assigned *Page 3 
to respondent, Judge Marilyn B. Cassidy. Judge Cassidy found DiPadova to be not guilty by reason of insanity and held that he was subject to involuntary hospitalization. She issued a civil commitment order in which she determined that the least restrictive treatment alternative consistent with his treatment needs was at the Northfield Campus of Northcoast Behavioral Healthcare System ("Northcoast").
 {¶ 2} In his petition in habeas corpus, DiPadova averred that he remained "unlawfully detained" at Northcoast. Petition, at ¶ 22. Additionally, DiPadova averred: "Despite never conducting an evidentiary hearing, Respondent Cassidy ordered Relator to be committed to Respondent Northcoast Behavioral Healthcare System; Northfield Campus — a State hospital run by Respondent Ohio Department of Mental Health." Petition, at ¶ 18. He has also joined as respondents in this action: the director of the Ohio Department of Mental Health; the Ohio Department of Mental Health; the chief executive officer of Northcoast; and Northcoast (the "State Respondents").
 {¶ 3} In addition to the failure conduct an evidentiary hearing, DiPadova complained that he had been in custody in excess of the maximum 180-day sentence he could have received if he were found guilty of menacing by stalking. He requested that this court grant relief in habeas corpus and order his immediate release.
 {¶ 4} In a prior entry, this court dismissed DiPadova's claim against Judge Cassidy because a judge is not an appropriate respondent in a habeas action. See, *Page 4 
e.g., Petway v. McFaul (Apr. 26, 2001), Cuyahoga App. No. 79254, at 2. In that same entry, this court ordered that DiPadova show cause why this action should not be dismissed because the territorial jurisdiction of this court in habeas corpus is limited to persons who are in custody in Cuyahoga County. See R.C. 2725.03 and R.C. 5122.30. See also State exrel. Dixon v. Gold (1991), 76 Ohio App.3d 518, 602 N.E.2d 408. [Northcoast's Northfield Campus is at: 1756 Sagamore Road, Northfield, Ohio 44067.] DiPadova filed a response (which he captioned as his "Motion Showing Cause Why the Present Action Should not be Dismissed"), the State Respondents filed a motion to dismiss and DiPadova has opposed the motion to dismiss.
 {¶ 5} Subsequently, a review of the docket in Case No. 2007 CRB 040416 reflected that, on September 11, 2008, Judge Cassidy issued a journal entry indicating that the jurisdiction of the Cleveland Municipal Court had expired and that DiPadova should be discharged from Northcoast, "unless he is accepted as a voluntary admission or an affidavit is filed in probate court to initiate involuntary hospilization [sic]." On October 1, 2008, this court ordered petitioner to show cause in writing, within ten days, why his action in habeas corpus should not be dismissed as moot. Petitioner has not filed a response to that entry.
 {¶ 6} An action in habeas corpus challenges the lawfulness of a person's being held in the custody of another. See R.C. 2725.01. DiPadova is no longer in custody. *Page 5 
 {¶ 7} Accordingly, we dismiss this action against the State Respondents as moot. Petitioner to pay costs. The clerk is directed to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ. R. 58(B).
Petition dismissed.
 JAMES J. SWEENEY, A.J., and PATRICIA A. BLACKMON, J., CONCUR
 *Page 1