# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
No.   97886

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## TROY WHITE

DEFENDANT-APPELLANT

---

**JUDGMENT:**
AFFIRMED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-431593

**BEFORE:**   Boyle, P.J., Cooney, J., and Kilbane, J.

**RELEASED AND JOURNALIZED:**   September 6, 2012

[Cite as *State v. White*, 2012-Ohio-4058.]
**FOR APPELLANT**

Troy White, pro se
Inmate No. 300-919
North Central Correctional Institution
P.O. Box 1812
Marion, Ohio   43302-1812


**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor
BY:   Kristen L. Sobieski
          T. Allan Regas
Assistant County Prosecutors
8th Floor, Justice Center
1200 Ontario Street
Cleveland, Ohio   44113

MARY J. BOYLE, P.J.:

{¶1} Defendant-appellant, Troy White, appeals pro se the trial court's denial of his "motion to correct and certify the records," raising two assignments of error:

Assignment of Error One

The trial court committed reversible error and the appellant was prejudice[d] when the trial court denied appellant's motion to correct and certify the records for appellant's immediate release.

Assignment of Error Two

The trial court was in error and the appellant was prejudice[d] when the trial court ruled six days after the state filed their brief in opposition to appellant's, without entertaining, hearing, and ruling on the merits of the appellant's rebuttal to the state's response.

{¶2} Finding no merit to the appeal, we affirm.

Release from Prison

{¶3} White believes that his prison term has expired, and therefore, he should be released from prison. The record reveals that White is currently incarcerated at the North Central Correctional Institution in Marion, Ohio. White filed his motion to correct and certify the records in criminal case numbers CR-431593 and CR-288131 — two cases where White's sentences were ordered to be served concurrent with a prison term that he was serving in West Virginia. According to White, he completed his West Virginia sentence in November 2007, and therefore, the Ohio Department of Rehabilitation and Correction ("Ohio DRC") has no authority to continue to hold him.

{¶4} The state opposed the motion, arguing that White has failed to demonstrate any error in the calculation of his sentence, pointing out that, although White had been released from the West Virginia correctional facility, he was later found to be in violation of the conditions of his parole and was re-incarcerated there. Relying on White's own exhibit — a letter dated December 2, 2010, and sent to White at the West Virginia correctional facility — the state argued that White has already been told the reasons why his term has not expired. Specifically, the letter provided in pertinent part:

> In other words, you never became available to our agency * * * after you were declared a parole violator at large on 7-9-02. As a result, your Ohio time on this case (Cuyahoga County Case No. CR-288131 * * *) never started running after that date. It remains stopped/tolled presently and will not begin running again until the day you are returned to Ohio Department of Correction custody under this prison number.
>
> Therefore, after you are granted a release from the West Virginia Department of Corrections, our agency will initiate the process of extraditing you back to Ohio, where the Ohio Parole Board will oversee a hearing in order to ascertain your status within the ODRC.

{¶5} According to the state, White was later returned to the Ohio DRC in January 2011 and notified that his maximum Ohio sentence would expire on October 3, 2012.

{¶6} White subsequently filed his motion to correct and certify the records, asking the trial court to release him from prison. The trial court denied the motion, and White now appeals.

{¶7} It is well settled that "[h]abeas corpus * * * is the appropriate action for persons

claiming entitlement to immediate release from prison." *State ex rel. Johnson v. Ohio Parole Bd.*, 80 Ohio St.3d 140, 141, 684 N.E.2d 1227 (1997), citing *State ex rel. Lemmon v. Ohio Adult Parole Auth.*, 78 Ohio St.3d 186, 188, 677 N.E.2d 347 (1997). Moreover, one of the basic requirements for the issuance of a writ of habeas corpus is that, regardless of where the petitioner was convicted, the petition can only be brought and proceed in the county where he is actually incarcerated. *Thomas v. Tibbals*, 8th Dist. No. 97519, 2011-Ohio- 6087, citing *Bridges v. McMackin*, 44 Ohio St.3d 135, 541 N.E.2d 1035 (1989).

{¶8} Here, White cannot circumvent the mandatory statutory pleading requirements for instituting a habeas corpus action, i.e., attachment of commitment papers and verification, by simply filing a "motion to correct and certify the records." *See Lemmon* at 188. Likewise, White must bring his petition in the county where he is actually incarcerated. Because White is not incarcerated in Cuyahoga County, the trial court lacks jurisdiction to even address a petition for a writ of habeas corpus. *See* R.C. 2725.03. Accordingly, we find no error in the trial court's denial of White's motion without first holding a hearing.

{¶9} White's two assignments of error are overruled.

{¶10} Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

---

MARY J. BOYLE, PRESIDING JUDGE

COLLEEN CONWAY COONEY, J., and
MARY EILEEN KILBANE, J., CONCUR