[Cite as *State v. Harpster*, 2012-Ohio-5967.]

COURT OF APPEALS
ASHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. Patricia A. Delaney, P.J. |
| Respondent | Hon. William B. Hoffman, J.<br>Hon. Sheila G. Farmer, J. |
| -vs- | Case No. 12-COA-29 |
| LARRY HARPSTER | |
| Petitioner | O P I N I O N |

CHARACTER OF PROCEEDING:    Writ of Habeas Corpus

JUDGMENT:    Denied

DATE OF JUDGMENT ENTRY:    December 18, 2012

APPEARANCES:

For Respondent            For Petitioner

NO APPEARANCE           LARRY HARPSTER, PRO SE
190 U.S. 250 E
Polk, OH 44866

*Hoffman, J.*

{¶1} Petitioner, Larry Harpster, has filed a petition for writ of habeas corpus. Petitioner was involved in a property dispute with a neighbor over ownership of an alley. The issue was settled by the Court of Common Pleas wherein the trial court held each neighbor received one half of the alley. It appears the property was later foreclosed upon and ownership of Petitioner's portion transferred to the neighbor. Thereafter, an altercation occurred between Petitioner and his neighbor resulting in various criminal charges and subsequent convictions for criminal trespass, resisting arrest, and assault.[1]

{¶2} Although the petition is difficult to understand, the Court believes Petitioner is requesting a writ issue requiring he be provided with copies of documents related to an appeal of his criminal convictions. He requests the documents be provided free of charge due to his alleged indigency. Further, he requests the writ issue to vacate Petitioner's criminal convictions, and the property be returned to Petitioner.

{¶3} Revised Code § 2725.01 provides, "Whoever is unlawfully restrained of his liberty, or entitled to the custody of another, of which custody such person is unlawfully deprived, may prosecute a writ of habeas corpus, to inquire into the cause of such imprisonment, restraint, or deprivation."

{¶4} Revised Code § 2725.04 states,

> Application for the writ of habeas corpus shall be by petition, signed and verified either by the party for whose relief it is intended, or by some person for him, and shall specify:

---

[1] The facts cited herein were taken from our opinion in Ashland Case Number 08COA013.

(A) That the person in whose behalf the application is made is imprisoned, or restrained of his liberty;

(B) The officer, or name of the person by whom the prisoner is so confined or restrained; or, if both are unknown or uncertain, such officer or person may be described by an assumed appellation and the person who is served with the writ is deemed the person intended;

(C) The place where the prisoner is so imprisoned or restrained, if known;

(D) A copy of the commitment or cause of detention of such person shall be exhibited, if it can be procured without impairing the efficiency of the remedy; or, if the imprisonment or detention is without legal authority, such fact must appear.

{¶5} First we find Petitioner has failed to include an affidavit of verity as required by R.C. 2725.04. Also, there is no allegation in the Petition of unlawful custody which is what a petition for writ of habeas corpus is designed to remedy. Further, Petitioner has not named a proper respondent who is alleged to have unlawful custody of Petitioner. Petitioner has named the State of Ohio rather than a specific person alleged to have custody of Petitioner.

{¶6} A writ of habeas corpus is an extraordinary remedy available only in cases "where there is an unlawful restraint of a person's liberty and no adequate remedy at law." *Pratts v. Hurley,* 102 Ohio St.3d 81, 2004–Ohio–1980, 806 N.E.2d 992, ¶ 8. "If an issue raised in a petition for a writ of habeas corpus could have been raised on direct

appeal or in a petition for post-conviction relief, the petition for a writ of habeas corpus will be denied." *Garrett v. Wilson,* 5th Dist. No. 07–CA–60, 2007–Ohio–4853, ¶ 9.

**{¶7}** Petitioner's first request for relief is for records or documents free of charge. A public records request is not an appropriate subject of a petition for writ of habeas corpus. R.C, 149.43. The second request for relief is for Petitioner's convictions to be vacated. Petitioner has or had an adequate remedy at law to challenge his convictions by way of an appeal or a petition for post conviction relief. Finally, Petitioner has requested that land be returned to him. Again, this is not an appropriate request pursuant to a writ of habeas corpus. Petitioner has or had an adequate remedy at law by way of an appeal of the trial court's determination to divide the alley.

**{¶8}** For these reasons, a writ of habeas corpus does not lie. The requested writ is denied.

By: Hoffman, J.

Delaney, P.J. and

Farmer, J. concur

s/ William B. Hoffman_____
HON. WILLIAM B. HOFFMAN


s/ Patricia A. Delaney_____
HON. PATRICIA A. DELANEY


s/ Sheila G. Farmer_____
HON. SHEILA G. FARMER

IN THE COURT OF APPEALS FOR ASHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

STATE OF OHIO                                      :
                                                   :
     Respondent                            :
                                                   :
-vs-                                               :                    JUDGMENT ENTRY
                                                   :
LARRY HARPSTER                                     :
                                                   :
     Petitioner                            :                    Case No. 12-COA-29


For the reasons stated in our accompanying Opinion, the writ is denied.  Costs taxed to Petitioner.


                        s/ William B. Hoffman_____
                        HON. WILLIAM B. HOFFMAN


                        s/ Patricia A. Delaney_____
                        HON. PATRICIA A. DELANEY


                        s/ Sheila G. Farmer _____
                        HON. SHEILA G. FARMER