[Cite as *State ex rel. Burrington v. Saffold*, 2014-Ohio-939.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 100845**

# STATE EX REL.
# PATRICK BURRINGTON

RELATOR

vs.

# HONORABLE SHIRLEY SAFFOLD

RESPONDENT

**JUDGMENT:**
WRIT DENIED

Writ of Mandamus
Motion No.    471928
Order No. 472567

**RELEASE DATE:**    March 7, 2014

**FOR RELATOR**

Patrick Burrington, pro se
Inmate No. 641-115
Trumbull Correctional Institution
P.O. Box 901
5701 Burnett Road
Leavittsburg, Ohio 44430

**ATTORNEYS FOR RESPONDENT**

Timothy J. McGinty
Cuyahoga County Prosecutor

BY: James E. Moss
Assistant County Prosecutor
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

LARRY A. JONES, SR., P.J.:

{¶1} Patrick Burrington has filed a complaint for a writ of mandamus. [1] Burrington seeks a writ of mandamus in order to compel Judge Shirley Strickland Saffold to render a ruling with regard to a pending motion for jail-time credit filed in *State v. Burrington*, Cuyahoga C.P. No. CR-552822. We decline to issue a writ of mandamus.

{¶2} Attached to Judge Saffold's motion for summary judgment is a copy of a judgment entry, journalized on January 21, 2014, that demonstrates that Burrington has been granted 37 days in jail-time credit. Burrington's request for a writ of mandamus is moot. *State ex rel. Jerninghan v. Cuyahoga Cty. Court of Common Pleas*, 74 Ohio St.3d 278, 1996-Ohio-117, 658 N.E.2d 723; *State ex rel. Gantt v. Coleman*, 6 Ohio St.3d 5, 450 N.E.2d 1163 (1983). In addition, any error associated with the calculation of jail-time credit must be addressed through an appeal. *State ex rel. Britton v. Foley-Jones*, 8th Dist. Cuyahoga No. 73646, 1998 Ohio App. LEXIS (Mar. 5, 1998); *State ex rel. Spates v. Sweeney*, 8th Dist. Cuyahoga No. 71986, 1997 Ohio App. LEXIS 1516 (Apr. 17, 1997).

{¶3} Accordingly, we grant Judge Saffold's motion for summary judgment. Costs to Judge Saffold. Costs waived. The court directs the clerk of court to serve all parties

---

[1] A review of the complaint discloses that Burrington also seeks a writ of procedendo, as premised upon a pending petition for postconviction relief, and a writ of habeas corpus, premised upon unlawful imprisonment. A review of the docket in the underlying criminal action demonstrates that Burrington has not filed a petition for postconviction relief. In addition, one of the basic requirements for the issuance of a writ of habeas corpus is that, regardless of where the petitioner was convicted, the petition can only be brought and proceed in the county where he is actually incarcerated. *Bridges v. McMackin*, 44 Ohio St.3d 135, 541 N.E.2d 1035 (1989). This court does not possess the authority to order the release of a person from prison unless the prison lies within our territorial jurisdiction, which is Cuyahoga County. *State ex rel. Durham v. Wilson*, 8th Dist. Cuyahoga No. 85928, 2005-Ohio-757. Since Burrington is not incarcerated within Cuyahoga County, we lack the jurisdiction to address the petition for a writ of habeas corpus.

with notice of this judgment and the date of entry upon the journal as required by Civ.R. 58(B).

{¶4} Writ denied.

_____
LARRY A. JONES, SR., PRESIDING JUDGE

PATRICIA ANN BLACKMON, J., and
TIM McCORMACK, J., CONCUR