[Cite as *Turner v. Lorain Corr. Inst.*, 2014-Ohio-2192.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 101350**

# JOHN L. TURNER, JR.

RELATOR

vs.

# LORAIN CORRECTIONAL INSTITUTION, ET AL.

RESPONDENTS

**JUDGMENT:**
WRIT DISMISSED

Writ of Habeas Corpus
Order No.    474738

**RELEASE DATE:**    May 19, 2014

**FOR RELATOR**

John L. Turner, pro se
#584-320
Lorain Correctional Institution
2075 South Avon Belden Road
Grafton, Ohio 44044


**ATTORNEY FOR RESPONDENTS**

**Lorain Correctional Institution and Ohio Adult Parole Authority**

Mike DeWine
Ohio Attorney General
30 East Broad Street
Columbus, Ohio 43215

LARRY A. JONES, SR., P.J.:

**{¶1}** Petitioner John L. Turner, Jr. ("Turner") filed this habeas corpus action seeking immediate release from prison. Sua sponte, the petition must be dismissed for the reason that follows.

**{¶2}** R.C. 2725.03 provides:

> If a person restrained of his liberty is an inmate of a state benevolent or correctional institution, the location of which is fixed by statute and at the time is in the custody of the officers of the institution, no court or judge other than the courts or judges of the county in which the institution is located has jurisdiction to issue or determine a writ of habeas corpus for his production or discharge. Any writ issued by a court or judge of another county to an officer or person in charge at the state institution to compel the production or discharge of an inmate thereof is void.

**{¶3}** "The proper forum for a habeas corpus action is the appropriate court within the territory in which the prisoner's institution is located." *Henderson v. Houk*, 8th Dist. Cuyahoga No. 94254, 2009-Ohio-6475, ¶ 1, citing, R.C. 2725.03; *Bridges v. McMackin*, 44 Ohio St.3d 135, 541 N.E.2d 1035 (1989), other citations omitted. Petitioner alleges that he is incarcerated at Lorain Correctional Institution; which is located in Lorain County, Ohio. Because Turner is not incarcerated within Cuyahoga County, this court lacks the jurisdiction to address the petition for a writ of habeas corpus and, accordingly, the petition is dismissed.

**{¶4}** It is further ordered that the clerk shall serve upon all parties notice of this judgment and date of entry pursuant to Civ.R. 58(B). Costs of this action are assessed against relator.

**{¶5}** Writ dismissed.

_____

LARRY A. JONES, SR., PRESIDING JUDGE

PATRICIA ANN BLACKMON, J., and
MELODY J. STEWART, J., CONCUR