[Cite as *State v. Hertel*, 2018-Ohio-5002.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. John W. Wise, P.J. |
| Plaintiff - Appellee | : | Hon. W. Scott Gwin, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | |
| FRANK K.C. HERTEL | : | Case No. 18 CAA 07 0049 |
| | : | |
| Defendant - Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:     Appeal from the Delaware County
                             Court of Common Pleas, Case No.
                             00 CR I 11 0361


JUDGMENT:                    Affirmed


DATE OF JUDGMENT:            December 12, 2018


APPEARANCES:

For Plaintiff-Appellee                     For Defendant-Appellant

CAROL HAMILTON O'BRIEN                      FRANK K.C. HERTEL, Sr., Pro se
Prosecuting Attorney                        #276681
Delaware County, Ohio                       ASPC Kingman/Huachuca
                                            PO Box 3939
By: KYLE E. ROHRER                          Kingman, Arizona  86402
140 North Sandusky St., 3rd Fl.
Delaware, Ohio 43015

*Baldwin, J.*

{¶1}   Defendant-appellant Frank K.C. Hertel appeals from the June 14, 2018 Judgment Entries of the Delaware County Court of Common Pleas.

### STATEMENT OF THE FACTS AND CASE

{¶2}   On   November 17, 2000, the Delaware County Grand Jury indicted appellant on three counts of rape in violation of R.C. 2907.02(A)(1)(b), felonies of the first degree,  and two counts of gross sexual imposition in violation of R.C. 2907.05(A)(4), felonies of the third degree. At his arraignment on March 18, 2013, appellant entered a plea of not guilty to the charges.

{¶3}   Thereafter, on March 3, 2014, appellant withdrew his former not guilty plea and entered a plea of guilty to the charges contained in the indictment.  Appellant, as memorialized in a Judgment Entry filed on March 5, 2014, was sentenced to five to twenty-five years on each rape count and two to ten years on each gross sexual imposition count. All sentences were ordered to be served consecutively to one another, but concurrently to a sentence that appellant had received for sexual conduct with a minor in an Arizona case.

{¶4}   Appellant appealed his conviction and sentence via an *Anders* case. Pursuant to an Opinion filed on March 26, 2015 in *State v. Hertel*, 5th Dist. Delaware No. 14 CAA 04 0019, 2015 -Ohio- 1168, this Court affirmed the judgment of the trial court.

{¶5}   On April 3, 2018, appellant, who was imprisoned in Arizona, filed a Petition for Writ of Habeas Corpus pursuant to R.C. 2725.01 et seq. in the Delaware County case. Appellee filed a Motion to Dismiss the same on April 17, 2018, arguing that the trial court

lacked jurisdiction to entertain the petition and the appellant had not complied with the requirements of R.C. 2725.04(D). Appellant, on May 29, 2018, filed a response to the Motion to Dismiss and also a Motion to Reclassify his Petition for Writ of Habeas Corpus as a Motion for Resentencing. Appellee filed a contra memoranda on June 12, 2018.

{¶6} Pursuant to a Judgment Entry filed on June 14, 2018, the trial court granted the Motion to Dismiss, finding, in part, that it did not have jurisdiction over the matter. In a separate Judgment Entry filed on the same day, the trial court denied appellant's Motion to Reclassify, holding that it was moot because the trial court had granted the Motion to Dismiss and also that the "motion to reclassify a civil filing into a criminal case filing as a motion to re-sentence is inappropriate and improper."

{¶7} Appellant now appeals from the trial court's June 14, 2018 Judgment Entries, raising the following assignments of error on appeal:

{¶8} "I. WHERE NO OHIO COURT HAS JURISDICTION TO HEAR HERTELS' WRIT OF HABEAS CORPUS, HERTELS' CONSTITUTIONAL RIGHTS TO MEANINGFUL ACCESS TO THE COURTS ARE VIOLATED BY TRIAL COURTS SUSPENSION/DENIAL/DELAY OF JUSTICE."

{¶9} "II. COURTS' DENIAL OF STATE HABEAS ON THE BASIS OF HERTELS' OUT OF STATE INCARCERATION VIOLATES HERTELS' RIGHTS OF PROCEDURAL DUE PROCESS AND EQUAL PROTECTION."

{¶10} "III. MR. HERTEL IS RESTRAINED OF HIS LIBERTY BY VIRTUE OF A JUDGMENT TRIAL COURT HAD NO JURISDICTION TO RENDER, MAKING IT VOID."

{¶11} "IV. BOTH TRIAL AND APPELLATE COUNSEL WERE INEFFECTIVE."

{¶12} "V.   THE INTERESTS OF JUSTICE MANDATE THAT HERTELS' VOID SENTENCES BE VACATED AND HERTEL RESENTENCED."

{¶13} "VI.   THERE ARE NO PROCEDURAL DEFECTS ON HERTELS' HABEAS PETITION."

I

{¶14} Appellant, in his first assignment of error, challenges the trial court's' finding that it did not have jurisdiction over his Petition for Writ of Habeas Corpus.

{¶15} One of the basic requirements for a proper habeas corpus proceeding is that, regardless of where the prisoner was convicted, the case can only proceed in the county where he is actually incarcerated. See R.C. 2725.03. The courts of this state have concluded that this particular requirement is jurisdictional in nature; in other words, a court does not have the authority to order the release of a prisoner unless the prison lies within its territorial jurisdiction. See, *Bridges v. McMackin*, 44 Ohio St.3d 135, 541 N.E.2d 1035 (1989); *McAllister v. Ohio Adult Parole Auth.,* 7th Dist. Harrison No. 06 HA 583, 2006-Ohio-3697. See *Mott v. Sheriff of Hamilton Cty*., 48 Ohio App.3d 84, 85, 548 N.E.2d 301 (1988) in which the court heled that the Hamilton County Court of Common Pleas had no jurisdiction over petitioner's "corpus" because he was held by the Kentucky authorities.

{¶16} Because appellant is incarcerated in an Arizona prison, the Delaware County Court of Common Pleas had no jurisdiction over his petition. Moreover, to the extent that appellant argues that R.C. 2725.03 is unconstitutional, we note that the Ohio Supreme Court, in *Bridges v. McMackin,* 44 Ohio St.3d 135, 541 N.E.2d 1035 (1989), held that the statute is constitutional.

{¶17} Appellant's first assignment of error is, therefore, overruled.

II

**{¶18}** Appellant, in his second assignment of error, argues that the trial court's denial of his petition violated his rights of procedural due process and equal protection.

**{¶19}** However, as noted by appellee, the trial court did not substantively deny appellant's petition, but rather granted the Motion to Dismiss because it lacked jurisdiction to act upon it and also because of procedural defects. There could, therefore, be no violation of appellant's constitutional rights.

**{¶20}** Appellant's second assignment of error is, therefore, overruled.

III

**{¶21}** Appellant, in his third assignment of error, argues that his speedy trial rights were violated by the trial court and also challenges his sentence.

**{¶22}** However, appellant raised issues relating to the speedy trial issue and sentencing issues in his prior appeal to this Court. The doctrine of res judicata prevents parties from relitigating claims and issues when there is mutuality of the parties and when a final decision has been rendered on the merits. *Grava v. Parkman Twp.,* 73 Ohio St.3d 379, 653 N.E.2d 226, 1995-Ohio-331. Because appellant raised such issues in his prior appeal to this Court, he is barred by the doctrine of res judicata from raising them again now.

**{¶23}** Moreover, neither a claimed violation of the right to a speedy trial nor a mere sentencing error is cognizable in habeas corpus. *Russell v. Mitchell,* 84 Ohio St.3d 328, 329, 1999-Ohio-489, 703 N.E.2d 1249, 1249-1250; *Heddleston v. Mack*, 84 Ohio St.3d 213, 1998-Ohio-320, 702 N.E.2d 1198.

**{¶24}** Appellant's third assignment of error is, therefore, overruled.

IV

{¶25}  Appellant, in his fourth assignment of error, argues that both his trial counsel and appellate counsel were ineffective.

{¶26}  Appellant raised the issue of ineffective assistance of trial counsel in is prior appeal and is barred by the doctrine of res judicata from raising such issue again. Moreover, the Supreme Court has explained neither "[c]laims involving the ineffective assistance of counsel [nor] the alleged denial of the right to counsel are ... cognizable in habeas corpus," *Bozsik v. Hudson,* 110 Ohio St.3d 245, 2006–Ohio–4356, 852 N.E.2d 1200, ¶ 7.

{¶27}  Appellant's fourth assignment of error is, therefore, overruled.

V

{¶28}  Appellant, in his fifth assignment of error, argues that the "interests of justice" mandate that his sentences be vacated and he be resentenced.

{¶29}  Habeas corpus is not a proper remedy for reviewing errors of sentencing by a court of competent jurisdiction. *Walker v. Maxwell*, 1 Ohio St.2d 136, 205 N.E.2d 394 (1965). Appeal or postconviction relief would be the proper remedy. *Blackburn v. Jago,* 39 Ohio St.3d 139, 529 N.E.2d 929 (1988).

{¶30}  Appellant's fifth assignment of error is, therefore, overruled.

VI

{¶31}  In his sixth assignment of error, appellant maintains that the trial court erred in finding that his petition was procedurally defective.

{¶32}  The trial court, in addition to finding that it had no jurisdiction to rule on appellant's petition, found that the same contained fatal defects.  Appellant failed to attach

his commitment documents as required by R.C. 2725.04(D).  The Supreme Court has held failure to comply with this requirement is a fatal defect which cannot be cured, "[C]commitment papers are necessary for a complete understanding of the petition. Without them, the petition is fatally defective. When a petition is presented to a court that does not comply with R.C. 2745.04(D), there is no showing of how the commitment was procured and there is nothing before the court on which to make a determined judgment except, of course, the bare allegations of petitioner's application." *Bloss v. Rogers,* 65 Ohio St.3d 145,146, 602 N.E.2d 602 (1992). In addition, the petition improperly names the State of Ohio as the respondent. R.C. 2725.04(B) requires that an application for a writ of habeas corpus specify "[t]he officer, or name of the person by whom the prisoner is * * * confined or restrained[.]"

**{¶33}** Furthermore, appellant only sought habeas relief in the Delaware county case, but was serving a sentence for an Arizona conviction for a different sexual assault. The Ohio Supreme Court has held as follows: "[W]here one is in custody under sentences for multiple convictions for different crimes, any one of which, if valid, would warrant his present detention, errors relating to only one or less than all such convictions must be raised by appeal and not by habeas corpus. So long as a person is lawfully in custody for any reason, habeas corpus is not available to test the validity of other convictions. *Page v. Green, Supt.,* 174 Ohio St. 178 N.E.2d 592." *McConnaughy v. Doe,* 174 Ohio St. 533, 534, 190 N.E.2d 576, 577 (1963). Since appellant is serving a lawful sentence in Arizona, he may not attack the conviction in this case by means of habeas corpus.

**{¶34}** Based on the foregoing, appellant's sixth assignment of error is, therefore, overruled.

{¶35}  Accordingly, the judgment of the Delaware County Court of Common Pleas is affirmed.

By: Baldwin, J.

Wise, John, P.J. and

Gwin, J. concur.