[Cite as *Smith v. State*, 2020-Ohio-556.]

COURT OF APPEALS
FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| CARLOS MONTEZ SMITH, | : | JUDGES: |
| | : | Hon. W. Scott Gwin, P.J. |
| Petitioner, | : | Hon. Craig R. Baldwin, J. |
| | : | Hon. Earle E. Wise, J. |
| -vs- | : | |
| | : | |
| STATE OF OHIO, | : | Case No. 2020 CA 00006 |
| | : | |
| Respondent. | : | O P I N I O N |


CHARACTER OF PROCEEDING:                Writ of Habeas Corpus


JUDGMENT:                Dismissed


DATE OF JUDGMENT:                February 18, 2020


APPEARANCES:

For Petitioner                For Respondent

CARLOS MONTEZ SMITH,                STEPHANIE L. WATSON
#50994                Principal Assistant Attorney General
Fairfield County Jail                Criminal Justice Section
345 Lincoln Ave                150 East Gay Street, 16th Floor
Lancaster, Ohio 43130                Columbus, Ohio 43215-6001

*Baldwin, J.*

**{¶1}** On January 16, 2020, Petitioner, Carlos Montez Smith filed a "Motion of Original Action and Habeas Corpus Relief." Mr. Smith maintains the Fairfield County Municipal Court conducted an arraignment on October 28, 2019, and released him on a recognizance bond. However, on October 29, 2019, a Warrant on Complaint was filed in the Fairfield County Court of Common Pleas. Mr. Smith contends the complaint was not filed until 2:11 p.m. on October 29, 2019 and therefore, he was detained without warrant resulting in a constitutional violation.

**{¶2}** The Ohio Attorney General moved to dismiss Mr. Smith's writ. The Court finds the motion well-taken. If a petition does not satisfy the requirements for a properly filed petition for writ of habeas corpus or does not present a facially viable claim, it may be dismissed on motion by the respondent or sua sponte by the Court. *Flora v. State*, 7th Dist. Belmont No. 04 BE 51, 2005-Ohio-2383, ¶ 5. Mr. Smith's motion is deficient for a couple reasons.

**{¶3}** First, Mr. Smith's "Motion of Original Action and Habeas Corpus Relief" does not satisfy the requirements for a properly filed writ of habeas corpus because Mr. Smith filed a "motion" and a motion is not a complaint as required by Civ.R. 3(A). In *Martin v. Wayne Cty. Natl. Bank Trust*, 9th Dist. Wayne No. 03CA0079, 2004-Ohio-4194, ¶ ¶ 11-12, the court explained the difference between a "motion" and a "complaint." The court stated:

> Pursuant to Civ.R. 3(A), a party must file a complaint, and obtain service within one year from filing the complaint, in order to initiate civil proceedings. * * *

> For the purposes of Civ.R. 3(A), the filing of a motion cannot substitute for the filing of a complaint. * * * "Civ.R. 7 distinguishes a *pleading* from a *motion*. 'Under Civ.R. 7(A), only complaints, answers and replies constitute pleadings.' " * * * A complaint is a pleading that need only contain a short and plain statement of the claim showing that the party is entitled to relief. Civ.R. 8(A)(1). Where as a "motion" is defined as an application to the court for an order. Civ.R. 7(B)(1). A motion is not a pleading. * * * Thus, in the context of this case, a party cannot initiate an action by filing a motion.

(Emphasis sic.)

{¶4} *See also Pankey v. Mahoning Cty. Court of Common Pleas*, 7th Dist. Mahoning No. 13 MA 27, 2013-Ohio-1617, ¶ 4, where the court of appeals dismissed a writ of procedendo because relator attempted to commence the original action by filing a motion. The court explained: "* * * Relator has failed to properly initiate an action in procedendo. According to Civ.R. 3(A), a party must file a complaint and obtain service within one year in order to initiate a civil proceeding. Relator attempted to initiate this action by filing a motion, and a motion is not a complaint."

{¶5} Likewise, here, Mr. Smith commenced his original action for habeas corpus by filing a motion. The motion does not substitute for the filing of a complaint. Therefore, Mr. Smith's motion does not properly invoke the Court's jurisdiction.

{¶6} Second, Mr. Smith's motion improperly names the State of Ohio as respondent. R.C. 2725.04(B) requires that an application for a writ of habeas corpus specify "[t]he officer, or name of the person by whom the prisoner is * * * confined or

restrained[.]" This Court has previously held that a petition does not comply with R.C. 2725.04(B) where it identifies the State of Ohio as respondent. *See State v. Hertel*, 5th Dist. Delaware No. 18 CAA 07 0049, 2018-Ohio-5002, ¶ 32 (" In addition, the petition improperly names the State of Ohio as the respondent. R.C. 2725.04(B) requires that an application for a writ of habeas corpus specify '[t]he officer, or name of the person by whom the prisoner is * * * confined or restrained [.]' "); *State v. Harpster*, 5th Dist. Ashland No. 12-COA-29, 2012-Ohio-5967, ¶ 5 ("Further, Petitioner has not named a proper respondent who is alleged to have unlawful custody of Petitioner. Petitioner has named the State of Ohio rather than a specific person alleged to have custody of Petitioner.")

{¶7}   For these reasons, Mr. Smith's "Motion of Original Action and Habeas Corpus Relief" is dismissed.

{¶8}   The clerk of courts is hereby directed to serve upon all parties not in default notice of this judgment and its date of entry upon the journal. *See* Civ.R. 58(B).

{¶9}   MOTION GRANTED.

{¶10}  CAUSE DISMISSED.

{¶11}  COSTS TO PETITIONER.

**{¶12}**  IT IS SO ORDERED.

By: Baldwin, J.

Gwin, P.J. and

Wise, Earle, J. concur.