**98–1442. State v. Sova.**
Cuyahoga App. Nos. 71923 and 71924. On motion for leave to file delayed appeal. Motion granted. F.E. Sweeney, J., dissents.

**98–1480. State v. Harris.**
Montgomery App. No. 14343. On motion for leave to file delayed appeal. Motion denied.

**98–1586. State v. Murphy.**
Franklin C.P. No. 97CR052877. This cause is pending before the court as an appeal from the Court of Common Pleas of Franklin County. Upon consideration of appellant's motion for extension of time for transmission of record,

IT IS ORDERED by the court that the motion for extension of time for transmission of record be, and hereby is, granted, and the time for transmitting record and transcript is extended until November 5, 1998.

**98–1852. State v. Nivens.**
Franklin App. No. 95APA09–1236. On motion for leave to file delayed appeal. Motion denied.

**98–1925. State v. Wharf.**
Warren App. No. CA97–08–087. On review of order certifying a conflict. The court determines that a conflict exists; the parties are to brief the issue stated at pages 1–2 of the court of appeals' Entry Granting Motion to Certify filed August 19, 1998:

"The above cause is before the court pursuant to a motion to certify conflict filed by counsel for appellant, Stephen M. Wharf, on June 17, 1998. The motion contends that this court's decision in the above case conflicts with the decisions of four appellate districts, *i.e., State v. Anthony* (Sept. 30, 1994), Lake App. No. 93–L–096, unreported [1994 WL 587882]; *State v. Gulley* (June 17, 1992), Summit App. No. 15137, unreported [1992 WL 140006]; *State v. Steel* (Oct. 21, 1997), Defiance App. No. 4–96–29, unreported [1997 WL 661108]; and *State v. Westbrook* (Sept. 23, 1992), Licking App. No. 92–CA–2, unreported [1992 WL 307874].

"Upon due consideration of the foregoing, the court finds that its decision is in conflict with the above four cases and that the motion to certify should be GRANTED. The issue for certification is whether R.C. 2901.21(B) requires the particular robbery element, codified in R.C. 2911.02(A)(1), '[h]ave a deadly weapon on or about the offender's person or under the offender's control,' to be committed with the mens rea of recklessness."