DECISION
{¶ 1} Relator, Howard S. McCardle, an inmate of the North Central Correctional Institution ("NCCI"), filed this original action requesting that this court issue writs of habeas corpus and prohibition against respondent, Harry Hageman, Deputy Director of the Ohio Adult Parole Authority ("OAPA"). *Page 2 
 {¶ 2} This court referred this matter to a magistrate pursuant to Civ.R. 53(C) and Loc.R. 12(M) of the Tenth District Court of Appeals. The magistrate issued a decision, including findings of fact and conclusions of law, recommending that this court grant respondent's motion to dismiss. (Attached as Appendix A.) Specifically, the magistrate determined that this court lacked jurisdiction to grant habeas corpus relief because relator is not incarcerated in Franklin County, Ohio. The magistrate also determined that relator's request for relief in prohibition was actually a request for release from prison, i.e., a request for relief in habeas corpus, over which this court lacks jurisdiction.
 {¶ 3} Relator filed an objection to the magistrate's decision. In his objection, relator argues that the magistrate misunderstands principles of jurisdiction. We disagree.
 {¶ 4} As the magistrate found, this court has no power to grant habeas corpus relief to an inmate incarcerated outside the limits of our jurisdiction, Franklin County, Ohio. Instead, relator must file his complaint for a writ of habeas corpus in the county in which he is confined. R.C. 2725.03. Furthermore, although relator titled his action as one in prohibition, his request is immediate release from incarceration at NCCI. In essence, relator argues that he has served his minimum sentence. Therefore, according to relator, OAPA has no authority to even place him within any guideline for the purpose of holding a parole hearing, and OAPA should simply grant him immediate parole and release him. As this court has no power to grant such relief outside Franklin County, the magistrate correctly concluded that relator's complaint should be dismissed. *Page 3 
 {¶ 5} Finding no error of law or other defect on the face of the magistrate's decision, relator's objection is overruled and this court adopts the magistrate's decision as our own, including the findings of fact and conclusions of law contained in it. In accordance with the magistrate's decision, respondent's motion to dismiss is granted and this action is hereby dismissed.
Objection overruled, motion to dismiss granted, action dismissed.
TYACK and DESHLER, JJ., concur.
DESHLER, J., retired of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution. *Page 4 
 APPENDIX A MAGISTRATE'S DECISION IN HABEAS CORPUS/PROHIBITION ON RESPONDENTS' MOTION TO DISMISS {¶ 6} In this original action, petitioner, Howard S. McCardle, an inmate of the North Central Correctional Institution ("NCCI"), requests that a writ of habeas corpus and writ of prohibition issue against respondent Harry Hageman, Deputy Director of the Ohio Adult Parole Authority ("OAPA"). *Page 5 
Findings of Fact: {¶ 7} 1. On November 21, 2006, petitioner filed this original action against respondent the deputy director of the OAPA.
 {¶ 8} 2. In an affidavit executed by petitioner on November 14, 2006 and filed with his petition, petitioner avers:
 * * * That I reside at North Central Correctional Inst., P.O. Box 1812, 670 Marion-William sport Road East, Marion, Ohio 43302-1812.
 {¶ 9} 3. As an inmate of NCCI, petitioner is restrained of his liberty, but not in a correctional institution located in Franklin County, Ohio.
 {¶ 10} 4. According to the petition, on June 21, 1983, petitioner pled guilty and was convicted of five counts of rape, one count of attempted rape, and six counts of aggravated burglary. The sentencing court sentenced petitioner to serve an indefinite term of five to 15 years as to the attempted rape. The court also sentenced petitioner to serve indefinite terms of seven to 25 years as to each of the other counts. The court ordered that all counts be served consecutively to each other for a total minimum of 82 years and a total maximum of 290 years. Petitioner has attached a copy of the sentencing entry to his petition filed in this action.
 {¶ 11} 5. In his petition, petitioner claims that there is a "15 year Cap on his trial Court sentence," and that he has "served 23½ years with 8½ years over the Cap."
 {¶ 12} 6. According to the petition, he "has served his time and is now doing a sentence for the OAPA."
 {¶ 13} 7. According to the petition, petitioner "wants what every inmate wants that has served his time." *Page 6 
 {¶ 14} 8. On the last page of the petition, under the caption "relief sought," petitioner states:
 Wherefore, [petitioner] Howard S. McCardle, pray's this this [sic] Honorable Court take jurisdiction of this "Writ of Prohibition" and provide that [petitioner] be schedule[d] for a Hearing for immediate release from prison. * * *
 {¶ 15} 9. On December 21, 2006, respondents filed a motion to dismiss.
 {¶ 16} 10. On January 22, 2007, petitioner filed his memorandum in opposition to the motion to dismiss.
Conclusions of Law: {¶ 17} It is the magistrate's decision that this court grant respondents' motion to dismiss.
 {¶ 18} R.C. 2725.03 states:
 If a person restrained of his liberty is an inmate of a state benevolent or correctional institution, the location of which is fixed by statute and at the time is in the custody of the officers of the institution, no court or judge other than the courts or judges of the county in which the institution is located has jurisdiction to issue or determine a writ of habeas corpus for his production or discharge. Any writ issued by a court or judge of another county to an officer or person in charge at the state institution to compel the production or discharge of an inmate thereof is void.
 {¶ 19} Clearly, this court lacks jurisdiction over the petition for a writ of habeas corpus. Petitioner is not incarcerated nor restrained of his liberty at a correctional institution located in Franklin County, Ohio. Accordingly, under R.C. 2725.03, this court lacks jurisdiction over the petition for a writ of habeas corpus.
 {¶ 20} As previously noted, petitioner also requests that this court issue a writ of prohibition against respondent. *Page 7 
 {¶ 21} A writ of prohibition is an extraordinary judicial writ that restrains courts and tribunals from exceeding their jurisdiction.State ex rel. Tubbs Jones v. Suster (1998), 84 Ohio St.3d 70, 73. To be entitled to a writ of prohibition, the petitioner must establish that: (1) respondent is about to exercise judicial or quasi-judicial power; (2) the exercise of that power is unauthorized by law; and (3) denial of the writ will cause injury for which no other adequate remedy in the ordinary course of the law exists. State ex rel. Henry v. McMonagle
(2000), 87 Ohio St.3d 543, 544.
 {¶ 22} Former R.C. 2929.41(E)(2) stated in part:
 (E) Consecutive terms of imprisonment imposed shall not exceed:
 * * *
 (2) An aggregate minimum term of fifteen years[.] * * *
 {¶ 23} Apparently, petitioner's reference to a "15 year Cap" is a reference to former R.C. 2929.41(E)(2). Petitioner claims that, because he has served eight and one-half years more than the aggregate minimum term of 15 years, he "has served his time." For relief, he requests that this court order the OAPA to schedule a hearing "for immediate release from prison."
 {¶ 24} Clearly, petitioner does not actually seek to restrain the OAPA from exceeding its jurisdiction. What petitioner seeks is an order from this court to the OAPA that he be immediately released from prison. That is, petitioner actually seeks a writ of habeas corpus. *Page 8 
 {¶ 25} Because this court does not have jurisdiction over petitioner's action for habeas corpus under R.C. 2725.03, it is the magistrate's decision that this court grant respondents' motion to dismiss.
 KENNETH W. MACKE MAGISTRATE *Page 1