[Cite as *State ex rel. Hewitt v. Ohio Adult Parole Auth.*, 2016-Ohio-1189.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. Michael Hewitt, | : | |
| Petitioner, | : | |
| | : | No. 15AP-829 |
| v. | : | (REGULAR CALENDAR) |
| Ohio Adult Parole Authority et al., | : | |
| Respondents. | : | |

D E C I S I O N

Rendered on March 22, 2016

**On brief:** *Michael Hewitt,* pro se.

**On brief:** *Michael DeWine,* Attorney General, and *Stephanie L. Watson,* for respondents.

IN HABEAS CORPUS
ON RESPONDENTS' MOTION TO DISMISS

BROWN, J.

{¶ 1} Petitioner, Michael Hewitt, an inmate of the Southeastern Correctional Complex, Lancaster Unit, located in Fairfield County, Ohio, has filed this original action requesting that this court issue a writ of habeas corpus. The named respondents are Warden Brian Cook and the Ohio Adult Parole Authority. Respondents have filed a motion to dismiss.

{¶ 2} This matter was referred to a magistrate of this court, pursuant to Civ.R. 53(C) and Loc.R. 13(M) of the Tenth District Court of Appeals. The magistrate issued the appended decision, including findings of fact and conclusions of law, and recommended

that this court grant respondents' motion to dismiss. No objections have been filed to that decision.

{¶ 3} As there have been no objections filed to the magistrate's decision, and it contains no error of law or other defect on its face, based on an independent review of the file, this court adopts the magistrate's decision. Respondents' motion to dismiss is granted.

*Motion to dismiss granted;*
*action dismissed.*

DORRIAN, P.J., and SADLER, J., concur.

_____

# APPENDIX

## IN THE COURT OF APPEALS OF OHIO

## TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. Michael Hewitt, | : | |
| Petitioner, | : | |
| v. | | No. 15AP-829 |
| | : | |
| Ohio Adult Parole Authority et al. | | (REGULAR CALENDAR) |
| Brian Cook, Warden, | : | |
| Respondents. | : | |

---

### MAGISTRATE'S DECISION

### Rendered on November 10, 2015

---

*Michael Hewitt,* pro se.

*Michael DeWine*, Attorney General, and *Stephanie L. Watson,* for respondents.

---

### IN HABEAS CORPUS
### ON RESPONDENTS' MOTION TO DISMISS

{¶ 4}  In this original action, petitioner, Michael Hewitt, an inmate of the Southeastern Correctional Complex, Lancaster Unit, located in Fairfield County, Ohio, requests a writ of habeas corpus.  The named respondents are Warden Brian Cook and the Ohio Adult Parole Authority.

<u>Findings of Fact</u>:

{¶ 5}   1. On September 3, 2015, petitioner, an inmate of the Southeastern Correctional Complex, Lancaster Unit, located in Fairfield County, Ohio, filed this original action against respondents requesting a writ of habeas corpus.

{¶ 6}   2. Petitioner disputes the calculation of post-release control sanctions. He argues that a proper calculation of post-release control sanctions requires his immediate release from confinement. Petitioner also alleges that his release date is currently October 19, 2015.

{¶ 7}   3. On October 6, 2015, respondents filed a motion to dismiss or in the alternative, motion for summary judgment. Petitioner has failed to respond to the motion.

<u>Conclusions of Law</u>:

{¶ 8}   It is the magistrate's decision that this court grant respondents' motion to dismiss on grounds that, under R.C. 2725.03, this court lacks territorial jurisdiction over the petitioner in this habeas corpus action.

{¶ 9}   R.C. 2725.03 states in its entirety:

> If a person restrained of his liberty is an inmate of a state benevolent or correctional institution, the location of which is fixed by statute and at the time is in the custody of the officers of the institution, no court or judge other than the courts or judges of the county in which the institution is located has jurisdiction to issue or determine a writ of habeas corpus for his production or discharge. Any writ issued by a court or judge of another county to an officer or person in charge at the state institution to compel the production or discharge of an inmate thereof is void.

{¶ 10}   In *Bridges v. McMackin,* 44 Ohio St.3d 135 (1989), the court held that R.C. 2725.03 is constitutional. While Section 3(B)(1)(c) Article IV, Ohio Constitution gives each court of appeals original jurisdiction in habeas corpus, it does not guarantee that such jurisdiction shall be statewide. R.C. 2725.03 merely allocates habeas corpus jurisdiction among the courts of appeals on a territorial basis. *Id.  See, also, State ex rel. Dixon v. Gold*, 76 Ohio App.3d 518 (1991).

{¶ 11} In order for a court to dismiss a complaint for failure to state a claim upon which relief can be granted, it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to recovery. *O'Brien v. University Community Tenants Union*, 42 Ohio St.2d 242 (1975).

{¶ 12} Because it is clear that this court lacks territorial jurisdiction in habeas corpus over petitioner who is confined in Fairfield County, Ohio, this action must be dismissed.

{¶ 13} Accordingly, it is the magistrate's decision that this court grant respondents' motion to dismiss this action.

/S/ MAGISTRATE
KENNETH W. MACKE

**NOTICE TO THE PARTIES**

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b).