[Cite as *State ex rel. Harris v. Dept. of Rehab. & Corr.*, 2019-Ohio-2344.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| [State ex rel. Herman Harris, Jr., | : | |
| Petitioner, | : | |
| | | No.  19AP-42 |
| v. | : | |
| | | (REGULAR CALENDAR) |
| Ohio Department of Rehabilitation and Correction et al., | : | |
| | : | |
| Respondents.] | : | |
| | : | |

---

# D E C I S I O N

Rendered on June 13, 2019

---

*Herman Harris, Jr.,* pro se.

---

IN HABEAS CORPUS
ON OBJECTIONS

BROWN, J.

{¶ 1} Petitioner, Herman Harris, Jr., an inmate at London Correctional Institution, has filed an original action requesting a writ of habeas corpus. Petitioner's complaint named as respondents the Ohio Department of Rehabilitation and Correction and the warden of London Correctional Institution.

{¶ 2}  The matter was referred to a magistrate of this court pursuant to Civ.R. 53 and Loc.R. 13(M) of the Tenth District Court of Appeals. The magistrate issued the appended decision, including findings of fact and conclusions of law, recommending this court sua sponte dismiss the complaint on grounds this court lacks jurisdiction in habeas corpus over petitioner, who is confined in Madison County.

{¶ 3} Petitioner has filed pro se objections to the magistrate's decision. Petitioner appears to acknowledge this court's lack of territorial jurisdiction over this action, but requests this court grant a "waiver" of jurisdiction. (Petitioner's Objs. at 4.)

{¶ 4} R.C. 2725.03 states:

> If a person restrained of his liberty is an inmate of a state benevolent or correctional institution, the location of which is fixed by statute and at the time is in the custody of the officers of the institution, no court or judge other than the courts or judges of the county in which the institution is located has jurisdiction to issue or determine a writ of habeas corpus for his production or discharge. Any writ issued by a court or judge of another county to an officer or person in charge at the state institution to compel the production or discharge of an inmate thereof is void.

{¶ 5} As set forth in the magistrate's findings of fact, petitioner is currently incarcerated in London Correctional Institution, located in Madison County, Ohio. This court has previously held that "R.C. 2725.03 requires that petitions for habeas corpus be filed in the county where an inmate is detained," and such statute "has been found to be constitutional by the Supreme Court of Ohio in *Bridges v. McMackin* (1989), 44 Ohio St.3d 135." *Gillespie v. Ohio Dept. of Youth Servs. (In re Writ of Habeas Corpus),* 10th Dist. No. 02AP-460, 2002-Ohio-4507, ¶ 4. *See also State ex rel. McCardle v. Hageman,* 10th Dist. No. 06AP-1176, 2007-Ohio-3290, ¶ 4, citing R.C. 2725.03 ("[T]his court has no power to grant habeas corpus relief to an inmate incarcerated outside the limits of our jurisdiction, Franklin County, Ohio. Instead, [petitioner] must file his complaint for a writ of habeas corpus in the county in which he is confined."). Accordingly, the magistrate properly concluded this court lacks jurisdiction to determine petitioner's habeas petition.

{¶ 6} In the alternative, petitioner requests this court to "transfer the entire proceedings to the Twelfth Appellate District Court of Appeals of Ohio." (Petitioner's Objs. at 4.) However, because this court lacks jurisdiction to entertain the petition, we similarly "lack the authority to transfer venue to the appropriate court or to allow petitioner to amend his petition." *Lopez v. Warden, Trumbull Corr. Inst.*, 11th Dist. No. 2017-T-0015, 2017-Ohio-7460, ¶ 7, citing *Dayton Regional Transit Auth. v. State Emp. Relations Bd.*, 10th Dist. No. 14AP-876, 2015-Ohio-2049, ¶ 40.

{¶ 7}   In accordance with the magistrate's recommendation, which we adopt in its entirety, petitioner's objections are overruled and we sua sponte dismiss the action.

*Objections overruled; action dismissed.*

**DORRIAN and LUPER SCHUSTER, JJ., concur.**

_____

APPENDIX

## IN THE COURT OF APPEALS OF OHIO

### TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| [The State ex rel. Herman Harris, Jr., | : | |
| Petitioner, | : | |
| v. | : | No. 19AP-42 |
| Ohio Department of Rehabilitation and Correction et al., | : | (REGULAR CALENDAR) |
| | : | |
| Respondents.] | : | |
| | : | |

---

### M A G I S T R A T E ' S   D E C I S I O N

#### Rendered on February 25, 2019

---

*Herman Harris, Jr.,* pro se.

---

### IN HABEAS CORPUS
### ON SUA SPONTE DISMISSAL AND RELATOR'S
### MOTION TO WAIVE TERRITORIAL JURISDICTION

{¶ 8}   On January 18, 2019, petitioner, Herman Harris, Jr., filed this original action requesting this court issue a writ of habeas corpus.  The named respondents are the Ohio Department of Rehabilitation and Correction and the Warden of the London Correctional Institution.

Findings of Fact:

{¶ 9}   1. Petitioner is an inmate currently incarcerated at London Correctional Institution located in Madison County, Ohio.

{¶ 10}   2. On January 18, 2019, petitioner filed his petition with this court for a writ of habeas corpus.

{¶ 11}   3. At the same time he filed his petition, petitioner filed a motion asking this court to ignore the fact that we do not have territorial jurisdiction over his case.

Conclusions of Law:

{¶ 12} It is this magistrate's decision that this court deny petitioner's motion asking that we waive the jurisdictional requirement and sua sponte dismiss relator's petition because, under R.C. 2725.03, this court lacks territorial jurisdiction over the petitioner in this habeas corpus action.

{¶ 13} R.C. 2725.03 allocates habeas jurisdiction among the courts of appeals on a territorial basis. R.C. 2725.03 states in its entirety:

> If a person restrained of his liberty is an inmate of a state benevolent or correctional institution, the location of which is fixed by statute and at the time is in the custody of the officers of the institution, no court or judge other than the courts or judges of the county in which the institution is located has jurisdiction to issue or determine a writ of habeas corpus for his production or discharge. Any writ issued by a court or judge of another county to an officer or person in charge at the state institution to compel the production or discharge of an inmate thereof is void.

{¶ 14} The Supreme Court of Ohio has held that R.C. 2725.03 is constitutional. *Bridges v. McMackin*, 44 Ohio St.3d 135 (1989). While Article IV, Section 3(B)(1)(c), Ohio Constitution gives each court of appeals original jurisdiction in habeas corpus, it does not guarantee that such jurisdiction shall be statewide.

{¶ 15} In order for a court to dismiss a complaint for failure to state a claim upon which relief can be granted, it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to recovery. *O'Brien v. Univ. Community Tenants Union, Inc.*, 42 Ohio St.2d 242 (1975). It is clear this court lacks jurisdiction in habeas corpus over petitioner, who is confined in Madison County, Ohio. The action must be dismissed. *See State ex rel. Hewitt v. Ohio Adult Parole Auth.*, 10th Dist. No. 15AP-829, 2016-Ohio-1189.

{¶ 16} Accordingly, it is the magistrate's decision that this court dismiss this action.

/S/ MAGISTRATE
STEPHANIE BISCA

**NOTICE TO THE PARTIES**

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b).