[Cite as *Harris v. State*, 2022-Ohio-2651.]

# IN THE COURT OF APPEALS OF OHIO

SEVENTH APPELLATE DISTRICT
NOBLE COUNTY

HERMAN HARRIS JR.,

Petitioner,

v.

STATE OF OHIO, AND/OR OHIO DEPARTMENT OF
REHABILITATION & CORRECTION DIRECTOR, AND/OR
ACTING DIRECTOR, AND/OR DIRECTOR'S DESIGNEE, AND/OR
NOBLE CORRECTIONAL INSTITUTION WARDEN,

Respondents.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 22 NO 0488**

---

Writ of Habeas Corpus

**BEFORE:**
Carol Ann Robb, Gene Donofrio, David A. D'Apolito, Judges.

---

**JUDGMENT:**
Dismissed.

---

*Herman Harris Jr., pro se*, Richland Correctional Institution, 1001 Olivesburg Road, P.O. Box 8107, Mansfield, Ohio 44901, Petitioner and

*Atty. Dave Yost*, Ohio Attorney General, *Atty. Jerri L. Fosnaught,* Assistant Attorney General, 30 E. Broad Street, 23rd floor, Columbus, Ohio 43215, for Respondents.

**Dated:** June 29, 2022

**PER CURIAM.**

{¶1} Petitioner Herman Harris Jr., a self-represented prison inmate serving a life sentence, has filed this original action for a writ of habeas corpus. Harris names as respondents the warden of the Noble Correctional Institution (NCI), the prison facility where he was incarcerated when he filed this action, and the director of the Ohio Department of Corrections and Rehabilitation (ODRC), which operates the facility. Counsel for Respondents has filed a motion to dismiss pursuant to Civ.R. 12(B)(6). Because the Court no longer has territorial jurisdiction over the action, Harris's petition is dismissed.

{¶2} Harris was indicted in 1992 on one count of aggravated burglary under R.C. 2911.11(A)(1) with a prior-aggravated-felony specification, two counts of aggravated robbery under R.C. 2911.01(A)(2) with a prior-aggravated-felony specification on each count, and one count of aggravated murder under R.C. 2903.01(B) with six death-penalty specifications. The case proceeded to trial before a three-judge panel of the Montgomery County Common Pleas Court. Following trial, the panel found Harris guilty of grand theft and murder, and sentenced Harris to respective terms of four-to-ten years and fifteen years to life, to be served consecutively resulting in an aggregate sentence of nineteen years to life.

{¶3} On direct appeal, Harris raised four assignments of error: ineffective waiver of his constitutional right to a jury trial; denial of his constitutional right to the effective assistance of counsel; error in the trial court's overruling of his motion to suppress; and denial of his constitutional right to a speedy trial. The Second District Court of Appeals affirmed. *State v. Harris*, 2d Dist. Montgomery Nos. 14343, 92-CR-907, 1994 WL 718227 (Dec. 21, 1994). The Ohio Supreme Court subsequently denied Harris's motion for leave to file a delayed appeal. *State v. Harris*, 83 Ohio St.3d 1463, 700 N.E.2d 879 (1998).

Case No. 22 NO 0488

**{¶4}** Eight years following his conviction and sentence, Harris filed a petition for postconviction relief in 2000. The trial court dismissed the petition as untimely and barred by the doctrine of res judicata. The Second District Court of Appeals affirmed the trial court's judgment. *State v. Harris*, 2d Dist. No. 18525, 2001 WL 109144 (Feb. 9, 2001).

**{¶5}** In 2011, Harris filed a Motion to "Correct Void Sentence and/or Judgment." He argued that his original judgment entry of conviction and sentence omitted the fact that he was found guilty by a three-judge panel and that a subsequent nunc pro tunc entry to correct the clerical error did not comply with the requirements set forth in Crim.R. 32(C) and by *State v. Baker*, 119 Ohio St.3d 197, 2008-Ohio-3330, 893 N.E.2d 163 (2008), for entry of a final appealable order. He further argued that the entry was invalid because it did not include the degree of the offense for either count and the entry was signed by one judge instead of all three judges on the panel. *Id.* The trial court held that the nunc pro tunc entry complied with Crim. R. 32(C) and *Baker*, and that Harris's remaining arguments were barred by res judicata. On appeal, the Second District Court of Appeals affirmed, concluding that the entry was a final, appealable order and that Harris's four assignments of error were barred by res judicata. *State v. Harris*, 2d Dist. Montgomery No. 24739, 2012-Ohio-1853.

**{¶6}** In 2019, Harris filed a petition for a writ of habeas corpus, substantially similar to the one presently before this Court, in the Tenth District Court of Appeals. The Tenth District sua sponte dismissed the action for lack of jurisdiction. *State ex rel. Harris v. Dept. of Rehab. & Corr.*, 10th Dist. Franklin No. 19AP-42, 2019-Ohio-2344.

**{¶7}** In his petition before this Court, Harris contends his sentence and "any foreseeable parole" have already been served. The thrust of Harris's claim is that for an offender, like himself, who has been denied parole, the Ohio General Assembly has failed to define with reasonable clarity the specific number of years that equals "to life" imprisonment. Harris then goes on to set forth four constitutional arguments in support of that claim: (1) substantive due process; (2) cruel and unusual punishment; (3) separation of powers; and (4) equal protection.

**{¶8}** The type of redress Harris is seeking is not available in a writ of habeas corpus. R.C. 2725.05 limits the scope of the writ to jurisdictional challenges only:

If it appears that a person alleged to be restrained of his liberty is in the custody of an officer * * * by virtue of the judgment or order of a court of record, and that the court or magistrate had jurisdiction to * * * render the judgment, or make the order, the writ of habeas corpus shall not be allowed. If the jurisdiction appears after the writ is allowed, the person shall not be discharged by reason of any informality or defect in the process, judgment, or order.

{¶9}     Here, Harris does not challenge the trial court's jurisdiction to convict and sentence him. R.C. 2725.05; *Wilson v. Rogers*, 68 Ohio St.3d 130, 131, 623 N.E.2d 1210 (1993). Rather, he questions the constitutionality of the parole statutory framework as applied to him.    But the Ohio Supreme Court has routinely declared that testing a constitutional issue "is not the function of the state writ of habeas corpus." *Rodgers v. Capots*, 67 Ohio St.3d 435, 436, 619 N.E.2d 685 (1993).    The Court noted that the defendant "must elect some other cause of action" to challenge the constitutionality of a statute. *Id.*; *see also Schoolcraft v. Wolfe*, 7th Dist. Noble No. 04 NO 323, 2005-Ohio-1355, ¶ 3 (a claimed violation of constitutional rights or an error in the sentence is reviewable on appeal and, accordingly, is not cognizable in habeas corpus); *Perotti v. Ishee*, 7th Dist. Mahoning No. 02-CA-58, 2002-Ohio-5518, ¶ 6 (testing the constitutionality of parole eligibility as to a particular inmate is not the function of a state writ of habeas corpus).    Later, the Court elaborated that declaratory judgment is the proper remedy to determine the constitutionality or constitutional application of parole guidelines and reiterated habeas corpus is not available to question the constitutionality of parole conditions. *Hattie v. Anderson*, 68 Ohio St.3d 232, 235, 626 N.E.2d 67 (1994).

{¶10}   Aside from the impropriety of a writ of habeas corpus as the legal avenue to seek redress for his constitutional claims, another more significant hurdle has arisen for Harris during the pendency of this proceeding.  R.C. 2725.03 requires that actions in habeas corpus be filed in the county where an inmate or prisoner is confined:

If a person restrained of his liberty is an inmate of a state benevolent or correctional institution, the location of which is fixed by statute and at the time is in the custody of the officers of the institution, no court or judge other than the courts or judges of *the county in which the institution is located* has

jurisdiction to issue or determine a writ of habeas corpus for his production or discharge. Any writ issued by a court or judge of another county to an officer or person in charge at the state institution to compel the production or discharge of an inmate thereof is void.

(Emphasis added.) *See also Bridges v. McMackin*, 44 Ohio St.3d 135, 541 N.E.2d 1035 (1989) (R.C. 2725.03 allocates habeas corpus jurisdiction among the courts of appeals on a territorial basis).

**{¶11}** When Harris filed this action, he was an inmate at Noble Correctional Institution which is located in Noble County, one of the eight counties comprising the territorial jurisdiction of this Court. R.C. 2501.01(G). He is now an inmate in the Richland Correctional Institution which is located in Richland County, one of fifteen counties comprising the territorial jurisdiction of the Fifth District Court of Appeals. R.C. 2501.01(E).

**{¶12}** Accordingly, the Court dismisses this action on its own accord for lack of jurisdiction. Respondents' motion to dismiss is denied as moot.

**{¶13}** Final order. Clerk to serve notice as provided by the Rules of Civil Procedure. No costs assessed.

**JUDGE CAROL ANN ROBB**

**JUDGE GENE DONOFRIO**

**JUDGE DAVID A. D'APOLITO**

Case No. 22 NO 0488